USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD EARLE GREEN,

                    Plaintiff,

  -against-

ACTING COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

21-cv-8550 (NSR)(AEK)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Richard Earle Green ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the Social Security Act (the "Act"). (ECF No. 1.) On April 7, 2022, Plaintiff moved pursuant to Federal Rules of Civil Procedure § 12(c) ("Rule 12(c)") seeking a judgment in his favor, based on the pleadings, remanding the matter to the agency for further proceedings. (ECF No. 13). On June 3, 2022, Defendant Commissioner crossed moved for similar relief pursuant to Rule 12(c). (ECF No. 15.) The matter was referred to Magistrate Judge Andrew Krause ("MJ Krause") pursuant to Federal Rules of Civil Procedure §72(b)(1) to issue a report and recommendation ("R&R"). Now before the Court is MJ Krause's R&R, recommending that Plaintiff's motion be GRANTED and Defendant's cross-motion be DENIED. For the following reasons, the Court adopts MJ Krause's R&R in its entirety.

## BACKGROUND

    The following facts are summarized and taken from the administrative record, the parties' motion papers, and the R&R.

    On or about October 5, 2017, Plaintiff filed an application seeking DIB and SSI benefits

1

alleging a disability with an onset date of August 16, 2016. (ECF No. 8, Administrative Record ("AR") 90.) Plaintiff's initial application was denied and he requested a hearing before an Administrative Law Judge ("ALJ"). (AR 118-25.) On January 13, 2020, a hearing was held before an ALJ (AR 40-78), and by decision, dated September 4, 2020, Plaintiff was deemed not disabled within the meaning of the Act. . (AR 10-27.) Plaintiff requested that the Appeals Council ("AC") review the ALJ's decision which was denied in March 2021. (AR 1-6.) The instant action seeking review of the agency's determination was commenced on October 18, 2021. (ECF No. 1.)

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISABILITY BENEFITS

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. See 42 U.S.C. §§ 423(a), (d). To be deemed disable with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A);

see also Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. Id.  If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." Id. At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC') and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (see paragraphs (f) and (h) of this section and § 404.1560(b)). Id.  Lastly, if claimant is disabled, the ALJ must determine he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v).With respect to the last step, the burden shifts to the Commissioner. Id.

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R&R. Thus, the Court reviews the R&R for clear error. Upon a careful review of MJ Krause's comprehensive and well-reasoned R&R, the Court finds no clear error. As more particularized in the R&R, the ALJ failed to, *inter alia*, properly evaluate the opinion evidence of several experts, the weight to be afforded, and their respective applicability in determining the claimant's mental limitations.(See, R&R, pages 21-29). Further, such failures cannot be

deemed to be harmless. (Id at 29.) Accordingly, Plaintiff's motion is GRANTED and the matter is remanded to the agency for further proceedings.

## CONCLUSION

Based on the foregoing, the Court adopts the R&R in its entirety. Plaintiff's motion for judgment on the pleadings is GRANTED and Defendant's cross-motion is DENIED. The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiff and the matter is remanded for further proceedings. The Clerk of the Court is directed to terminate the motions at ECF Nos. 13 and 15.

Dated: March 6, 2023　　　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN