```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
RICHARD EARLE GREENE,                                                  :
                                                                       :
            Plaintiff,                                                 :     ORDER ADOPTING
                                                                       :     REPORT AND
                   -against-                                           :     RECOMMENDATION
                                                                       :     21 Civ. 08550 (NSR)(AEK)
ACTING COMMISSIONER OF                                                 :
SOCIAL SECURITY,                                                       :
                                                                       :
            Defendant.                                                 :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2025

NELSON S. ROMÁN, United States District Judge

      Currently before the Court is Magistrate Judge Andrew E. Krause's ("MJ Krause") Report and Recommendation ("R&R"), granting Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 27.) For the following reasons, the Court adopts the R&R in its entirety and GRANTS the motion.

      Richard Earle Greene ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied his application before the Social Security Administration (the "Agency") for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). (ECF No. 1.) Plaintiff, represented by counsel, appeared before an Administrative Law Judge ("ALJ"), who denied his application. Plaintiff appealed the denial to the Agency's Appeals Council, which denied his request for review of the ALJ's decision. Plaintiff thereafter retained counsel to challenge the Agency's denial of benefits in federal court. After protracted litigation before this Court and a

1

remand to the Agency, ALJ Raymond Prybylski issued a decision finding Plaintiff disabled and entitled to benefits as of August 16, 2016.

On September 22, 2024, the Agency issued a Notice of Change in Benefits (the "Notice"), indicating that Plaintiff was entitled to benefits from February 2017 through August 2024, exclusive of withholdings. The Notice further stated that the Agency withheld $58,545.75 in attorney's fees from the total monetary award. Counsel now moves for release of that amount in attorney's fees.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial

review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## **DISCUSSION**

Despite the passage of more than fourteen days, neither Plaintiff nor Defendant has filed any objections to Magistrate Judge ("MJ") Krause's Report and Recommendation ("R&R"). Accordingly, the Court reviews the R&R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned analysis, the Court finds that the conclusions reached are firmly grounded in both fact and law. The Court therefore finds no clear error.

As outlined in the R&R, MJ Krause carefully considered the applicable statutes and relevant case law. Notably, as cited by MJ Krause, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged the courts with ensuring that the resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (internal citation omitted). In determining the reasonableness of such fees, a court must ensure that the agreement is not "overreaching" or the product of "fraud." *Id.* at 853. Courts further consider: (1) whether the requested fee is consistent with "the character of the representation and the results the representative achieved"; (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused"; and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," commonly referred to as the "windfall factor." *Id.* Applying these principles, among others, MJ Krause determined that Plaintiff's counsel is entitled to attorney's fees in the amount of $58,545.75.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Krause's R&R in its entirety. Plaintiff's counsel's motion for reasonable attorney's fees is GRANTED. As set forth in the R&R, Charles Binder, Esq., is awarded attorney's fees in the amount of $58,545.75, to be paid from Plaintiff's past-due benefits as withheld by the Social Security Administration. It is further ordered that Mr. Binder promptly refund to Plaintiff the sum of $7,835.91, representing the full amount of EAJA fees previously received, prior to receipt of the attorney's fees awarded by this R&R. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27.

Dated: November 4, 2025
    White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge